**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

_____

In re:

    Matthew J. Gilpin,                                                  Chapter 7 Case
            Debtor.                                                    # 09-10696

_____

## ORDER TO SHOW CAUSE

        On September 16, 2009, Chase Home Finance, LLC ("Chase" or "Movant"), and the Debtor, filed a Stipulation for Relief from Automatic Stay under 11 U.S.C. § 362(d) (doc. # 13). The Stipulation recites that the Debtor executed a Promissory Note (the "Note") in favor of CTX Mortgage Company, LLC ("CTX"), in the original principal amount of $159,600; that the Note was secured by a Mortgage Deed, also dated September 12, 2007, to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for CTX, and recorded; that the mortgage was assigned from MERS to Chase by instrument dated January 22, 2009 and recorded; that the Debtor failed to make certain mortgage payments; and that Chase was now requesting relief from stay in order to continue a foreclosure action and protect its interest in the collateral. Id. The Stipulation was filed pursuant to default procedure, with an objection deadline of October 2, 2009 and a hearing date of October 20, 2009. Although no objections have been filed, the Court will not grant relief based upon the record before it because Movant has not demonstrated it has standing to seek relief from stay.

        A court may raise standing issues sua sponte, as such issues implicate a federal court's jurisdiction. In re Wilhelm, 407 B.R. 392, 399 & n.14 (Bankr. D.Idaho 2009) (citing Warth v. Seldin, 422 U.S. 490 (1975)). "To obtain stay relief, each Movant must have standing, and be the real party in interest under Federal Rule of Civil Procedure 17.[1]" Wilhelm, 407 B.R. at 398. Standing encompasses both constitutional and prudential elements: in the former regard, a movant must show that it was injured by the debtor's conduct (i.e., by default on the note); in the latter regard, a movant must show that it has the legal right to enforce the obligation at issue. See id. Chase must show it is

> the holder of the note to entitle it to enforce the note, (including bringing this relief from stay motion). Accord In re Foreclosure Cases, 521 F. Supp. 2d 650, 653 (S.D. Ohio 2007) ("To show standing . . . the plaintiff must show that it is the holder of the note and the mortgage at the time the complaint was filed.").

In re Kang Jin Hwang, 396 B.R. 757, 764 (Bankr. C.D.Calif. 2008). Since bankruptcy law does not provide for enforcement of promissory notes, such issues are determined by applicable non-bankruptcy law – in this instance, state law. Butner v. United States, 440 U.S. 48, 54-55 (1979). The Vermont UCC, Article 3, governs negotiable instruments, and provides that such instruments may be enforced only by

---

[1] Fed. R. Civ. P. 17 is incorporated into contested matters pursuant to Fed. R. Bankr. P. 7017 and 9014, and applies to motions for relief from stay.

"the holder" of the note (with exceptions not relevant here). See 9A V.S.A. § 3-301(i). For a person to qualify as a "holder," (1) the person must be in possession of the instrument and (2) the instrument must be payable to that person. 9A V.S.A. § 1-201(21)(A). The payee may "negotiate it by indorsing it and delivering it to another person, who then becomes its holder (and entitled to enforce it)." Hwang, 396 B.R. at 763. See 9A V.S.A. § 3-201.

In this case, the documents appended to the Stipulation do not demonstrate that Chase either possesses the Note or that the Note was indorsed over to Chase. Consequently, the Court sua sponte raises the issue of Chase's standing and right to enforce the Note.

Accordingly, IT IS HEREBY ORDERED that Chase appear and show cause on October 20, 2009 at 10:00 a.m. why its motion for relief from stay should not be denied based upon lack of standing and ineligibility to obtain relief from stay to enforce the Note.

IT IS FURTHER ORDERED that if Chase wishes an opportunity to file additional documents or a memorandum of law on the issue of standing and on its right to enforce the Note and thus pursue relief from stay, and to postpone the hearing on its Motion for Relief from Stay until after it files that memorandum of law, it may have that opportunity by filing a proposed scheduling order by October 16, 2009 that:

(1) sets an November 9, 2009 deadline by which Chase is to file additional documents or a memorandum of law;

(2) provides the case trustee, any party in interest, and the Debtor until November 19, 2009 to file a responsive memorandum of law, if they so desire;

(3) cancels the October 20, 2009 hearing in this case; and

(4) sets argument on this Order to Show Cause and on the Motion for Relief from Stay for December 3, 2009 at 9:30 a.m at the U.S. Bankruptcy Court in Burlington, Vermont.

IT IS FURTHER ORDERED that if Chase fails to file a proposed scheduling order by October 16, 2009, the hearing on the Motion for Relief from Stay and on this Order to Show Cause will proceed on October 20, 2009 at 10:00 a.m., as scheduled, and Chase will be denied relief from stay unless it can persuade the Court, on the record, that it has standing and the right to relief from stay to enforce the Note (doc. # 14).

IT IS FURTHER ORDERED that regardless of whether Chase elects to file an additional documents to prove possession or endorsement or to file a memorandum of law, or neither, it is to file a supplement to the Motion to clarify how much of the $15,684.50 mortgage arrearage is attributable to pre-petition defaults and how much is attributable to post-petition defaults. See Vt. LBR 4001-1(b)(2).

SO ORDERED.

_____

October 7, 2009                                                                          Colleen A. Brown
Rutland, Vermont                                                                   United States Bankruptcy Judge